## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

       **v.**                       **Case No. 3:04cr62/RV**

**DWAYNE WESLEY HYER and**
**DANNY EDWARD BEVERLY**

_____

### SENTENCING FINDINGS

Two of the Defendants in this case, Dwayne Wesley Hyer and Danny Edward Beverly, were sentenced today for being involved, along with others, in a conspiracy to distribute controlled substances.[1]   On May 18, 2004, Hyer and Beverly were indicted along with three co-defendants for their actions relating to the conspiracy. A superceding indictment, with essentially the same charge, was returned in July 2004. Hyer and Beverly thereafter entered a plea of guilty to the conspiracy charged in the indictment. While the conspiracy, as charged, ran from about January 1, 1997, to about March 31, 2000, and involved the distribution of marijuana, and cocaine, and LSD, Hyer and Beverly were only personally involved in the distribution of marijuana, and both of them had terminated their drug-related activity by the end of 1998.[2] According to the Government, Hyer and Beverly were the least culpable members of

---

[1]Hyer was originally sentenced on January 12, 2005, the date of decisions in <u>United States v. Booker/Fanfan</u>, but his sentence was vacated by my order of February 25, 2005, and a re-sentencing ordered.

[2] Though Hyer and Beverly voluntarily disassociated themselves from the conspiracy, their actions were not legally sufficient for withdrawal under Eleventh Circuit precedent. If Hyer and Beverly had effected a withdrawal from the conspiracy, they would have been exempt from prosecution under the statute of limitations.

the conspiracy.

After voluntarily ceasing their drug dealing several years before being indicted in this case, Hyer and Beverly had abandoned their drug activity and had become productive members of society.  There is nothing to indicate that either was involved in any further criminal activity.  Hyer started his own business, and through his efforts, made it successful.  He has achieved an unusually high level of business and personal development since he separated himself from the illegal drug business.   Beverly worked at a number of jobs to support his family. Both Hyer and Beverly have now married and have small children. It appears that they currently pose no risk to the community or the public.

Each of these two defendants' base offense level under the sentencing guidelines was 28, with a criminal history category of I.  Each received a two level decrease under guideline 2D1.1(b)(7) for meeting the "safety valve" criteria set forth in Title 28, United States Code, Section 3553(f) and subdivisions (1)-(5) of subsection (a) of guideline 5C1.2, and each also received a two level reduction under guideline 3B1.2(b) for being a minor participant, and a three level reduction for acceptance of responsibility.  This brought the total offense level for each down to a level 21 with a criminal history category of I, or a 37-46 months guidelines range.

After fully considering all the factors set out in Title 18, United States Code, Section 3553(a), as well as the Supreme Court's recent Booker and Fanfan decisions which rendered the Sentencing Guidelines advisory, I find that these sentencing ranges are greater than what is necessary to achieve the goals of punishment, as well as specific and general deterrence.  The personal "history and characteristics" of these two defendants must be specifically considered under the statute.  Hyer and Beverly are unusual in that they each voluntarily discontinued their drug-related activity (even though their co-conspirators continued on for several more years), and became law-abiding and productive members of society.  This personal rehabilitation, along with their limited participation in only marijuana distribution and the fact that their actual

participation in the conspiracy was essentially before the statute of limitations period, warrants special consideration and takes them outside the heartland of the guidelines, justifying a downward departure of an additional two levels, for a final total offense level in both cases of 19, which results in a reasonable sentencing range of 30-37 months.

DONE AND ORDERED this 19th day of April, 2005.


/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**